■ In the Matter of THOMAS PESCE, Petitioner, v COMMISSIONER OF SANITATION OF THE CITY OF NEW YORK, Respondent. [650 NYS2d 700] —Determination of respondent Commissioner of Sanitation dated October 22, 1992, dismissing petitioner from employment, unanimously annulled without costs, the petition granted, the matter remanded to the agency for further proceedings, and the proceeding (transferred to this Court by order of the Supreme Court, New York County [Elliott Wilk, J.], entered April 8, 1993) disposed of in accordance with the decision herein.

We find that, under the circumstances of this case, petitioner was deprived of a fair hearing when the Hearing Officer who heard the primary witness against petitioner was unable to complete the hearing, and a second Hearing Officer was assigned to complete the hearing and render a decision. In light of the discrepancies in the witness's description of the sanitation worker who had allegedly committed the impropriety of accepting $20 for the removal of bulk waste, the inability of the Hearing Officer who rendered the decision to actually view the demeanor of the witness and evaluate his credibility significantly undermined the fairness of the hearing. Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.

■ EAST 40TH STREET HOTEL VENTURE et al., Respondents, v SCHAL ASSOCIATES, INC., Appellant. [651 NYS2d 297] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about September 13, 1995, which denied defendant's motion for summary judgment on the ground of release, unanimously affirmed, without costs.

We agree with the IAS Court that the settlement agreement is ambiguous with respect to its execution for "claims (if any) existing under the one year guarantee as set forth in the Contract". Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.